THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY VOLLMER, Appellant.

MEMORANDUM BY THE COURT. Defendant appeals from a judgment of the County Court of Montgomery County rendered upon a jury verdict, after trial upon an indictment charging murder in the second degree, convicting him of the crime of manslaughter in the first degree. The evidence amply sustains the verdict. No errors of law in the rulings of the trial court sufficient to merit a reversal appear from the record.

The trial consumed some three weeks and from the beginning of testimony it occupied a period of some fifteen days. Forty-two witnesses were sworn; opinion testimony, much of it of a highly technical nature given by twelve experts, was voluminous and long drawn out. At the conclusion of such a trial the task which confronted both counsel in their summation was difficult. We may envision that they were somewhat tense yet weary and their tempers at edge. It may be said that in his summation the District Attorney made some slips of tongue, used some illustrations and made some remarks which, where separated from the whole context and viewed in the cold analysis of an appellate jurisdiction cannot receive an unqualified approval. That matter should be viewed to some extent in a practical light. Under the circumstances it is hardly expected that the District Attorney would or could have adhered to the niceties of manner and choice of phrase to be expected under other circumstances. The important question is whether the lapses adulterated the fairness of the trial. A careful perusal of the record leaves us with no doubt but that the jury's verdict was induced by the evidence and was wholly uninfluenced by any untoward remarks in the People's summation. The charge of the trial court was painstakingly thorough, studiously correct and eminently fair to defendant. The all-covering consideration is the enforcement of the law in consonance with fairness and justice to the accused. The rules of rectitude pronounced for the conduct of a District Attorney, however authoritatively given, do not require him to act in a namby-pamby manner, or to coddle the rights of the accused in a " milk toast " fashion. He is free to employ all of the traditional forensic arts and wiles of the advocate so long as it may be said that, viewed as a whole, the defendant had a fair trial and that his conviction rests upon a valid support of legal evidence. It is our opinion that the defendant had such a trial and was justly convicted.

Judgment of conviction affirmed.

HILL, P. J. (dissenting). Amberger died after he had spent several hours in defendant's cafe or saloon, in company with men and women. He had a weakened heart and arteriosclerosis. Whether he died from his general weakened physical condition and the use of intoxicants or as a result of a blow struck by defendant, presented a close issue for the jury's consideration. The District Attorney was improperly permitted to litigate collateral issues concerning defendant's conduct at a police station and his earlier conviction of assault in the third degree, entirely disconnected from the death of Amberger. For these and other errors of law in the summation of the District Attorney and the charge of the court, I favor a reversal on the law and a new trial.

Brewster, Foster and Deyo, JJ., concur in Memorandum by the Court; Hill, P. J., dissents in a memorandum, in which Russell, J., concurs.

Judgment of conviction affirmed.